﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200810-102339
DATE: December 31, 2020

ORDER

Entitlement to service connection for headaches is granted.

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for a back disability, to include as secondary to a left ankle disability, is remanded.

Entitlement to service connection for a right hip disability, to include as secondary to a left ankle disability, is remanded.

Entitlement to service connection for a left hip disability, to include as secondary to a left ankle disability, is remanded.

Entitlement to service connection for a right knee disability, to include as secondary to a left ankle disability, is remanded.

Entitlement to service connection for a left knee disability, to include as secondary to a left ankle disability, is remanded.

Entitlement to service connection for a right shoulder disability, to include as secondary to a left ankle disability, is granted.

Entitlement to service connection for a left shoulder disability, to include as secondary to a left ankle disability, is remanded.

FINDING OF FACT

The evidence is at least in relative equipoise as to whether the Veteran’s headaches began in service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for headaches have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1959 to August 1962.

In July 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of a September 2018 rating decision based on new and relevant evidence. In July 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claims based on the evidence of record at the time of that decision. In the August 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board of Veterans’ Appeals (Board) may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

Entitlement to service connection for headaches.

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran asserts that he suffers from headaches which began in service. The record reflects current complaints of headaches. Furthermore, the Veteran reported experiencing frequent or severe headaches on his July 1962 Report of Medical History completed in conjunction with his separation from service. By contrast, he did not report headaches in the Report of Medical History completed prior to entering service. 

The Veteran underwent a Department of Veterans Affairs (VA) examination in connection with his original service connection claim in April 2016. The examiner opined that the Veteran’s headaches could not be directly linked to any service-connected injury or incident; rather, the Veteran’s headaches are “typical headaches unrelated to an incident.” The Board finds this opinion should be afforded very little probative value. In that regard, the examiner did not provide a sufficient rationale for the negative opinion. Furthermore, while the examiner noted that the headaches could not be linked to a specific incident, it is only necessary that the headaches had onset in service, not that they are related to a specific injury or event.

Upon review, the Board finds the evidence is at least in relative equipoise as to whether the Veteran’s headaches had onset in service. The Veteran has credibly asserted that he has suffered from headaches since that time. This assertion is further borne out by the notation of headaches on his separation Report of Medical History. As such, service connection is warranted and the claim is granted.

REASONS FOR REMAND

1. Service connection for bilateral hearing loss.

The Veteran asserts that his bilateral hearing loss is related to service. The Veteran underwent VA examination in connection with his original service connection claim in April 2016. The examiner opined that the Veteran’s current hearing loss was not caused by or the result of his military service. In support of the opinion, the examiner noted that the Veteran’s separation audiogram reflected hearing thresholds of 10 decibels or better at all frequencies. However, the separation audiogram was conducted in 1962 and does not indicate which standards were used for testing, the American Standards Association (ASA) standards or the International Standards Organization - American National Standards Institute (ISO-ANSI) standards. Service departments switched from ASA to ISO-ANSI around 1967; as such, it can be assumed that the 1962 audiogram is reported in ASA standards, which generally assigned lower numeric scores to hearing loss than do the ISO-ANSI standards currently in use. It does not appear that the VA examiner conducted the necessary conversion from the ASA standard to the ISO-ANSI standard, and it is not clear whether such conversion would affect the examiner’s ultimate opinion. Additionally, the examiner did not explain how it could be determined that there was no significant threshold shift during service when previous assessment of the Veteran’s hearing consisted only of whisper tests. The Board finds failure to obtain clarification of this opinion constitutes a predecisional error in the duty to assist. Accordingly, remand is warranted so that an addendum opinion may be obtained.

2. Service connection for a back disability and disabilities of the bilateral hips, knees, and shoulders.

The Veteran asserts that he has disabilities of the back, hips, knees, and shoulders related to an altered gait caused by his service-connected left ankle disability. See July 2020 statement; see also 38 C.F.R. § 3.310. The Veteran underwent VA examination in connection with his original service connection claims in April 2016, but not in connection with the current claims. The examiner from April 2016 did not provide a sufficient rationale as to the negative opinions rendered for any of the above-listed disabilities. Furthermore, no opinion has been obtained which adequately addresses the Veteran’s contention that his disabilities are caused or aggravated by his service-connected left ankle disability. The Board finds that the failure to obtain clarification as to the insufficient April 2016 opinions and the failure to obtain opinions regarding secondary service connection constitute predecisional errors in the duty to assist. Accordingly, remand is warranted so that addendum opinions may be obtained.

The matters are REMANDED for the following actions:

1. The claims file should be sent to an appropriate examiner to offer an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the current bilateral hearing loss had onset during service or is otherwise related to an in-service injury, event, or disease. 

The examiner must explicitly note the conversion of the 1962 separation audiogram from ASA to ISO-ANSI standards.

The need for an examination is left to the discretion of the examiner. The examiner should explain why the Veteran’s current bilateral hearing loss is or is not merely a delayed response to in-service noise exposure. The examiner should explain the reasoning for any opinion provided, to include the medical significance of any findings, as adjudicators are precluded from making medical findings.

2. The claims file should be sent to an appropriate examiner to offer opinions as to whether it is at least as likely as not (50 percent probability or greater) that any current disability of the hips, knees, shoulders, or back had onset during service or is otherwise related to an in-service injury, event, or disease, to include a weight lifting injury in April 1960 causing back pain radiating to the shoulder blades.

The examiner should also address whether any current disability of the hips, knees, shoulders, or back is at least as likely as not (a) caused by, or (b) aggravated by (worsened beyond natural progression) the service-connected left ankle disability, to include as a result of an alteration of gait.

In offering the opinions, the examiner is asked to consider that pain resulting in functional impairment without a specific diagnosis may constitute a disability.

The need for an examination is left to the discretion of the examiner. A rationale for all opinions offered is requested as adjudicators are precluded from making any medical findings. 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. D. Bruce, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.